

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DENNIS A. McCLAIN,

    Petitioner,

v.                                       Civil Action No. 3:13CV324

HAROLD W. CLARKE, et al.,

    Respondents.

## MEMORANDUM OPINION

Dennis McClain, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition").[1] Respondent[2] has moved to dismiss and provided appropriate Roseboro[3] notice. McClain has not responded. The matter is ripe for disposition. Because McClain

---

[1] In his Memorandum in Support of his § 2254 Petition, McClain indicates that he wishes to invoke the Court's jurisdiction under 42 U.S.C. § 1983. If McClain wishes to invoke the Court's jurisdiction under that statute he must file a proper complaint and indicate his willingness to pay the $350.00 filing fee associated with such actions.

[2] Counsel responds for both Clarke and the Virginia Parole Board. Counsel explains that under Virginia law, the only proper Defendant is McClain's custodian. (Mem. Supp. Mot. Dismiss 1-2 n.1, ECF No. 13); Va. Code Ann. § 8.01-657. Thus, the Virginia Parole Board is not the appropriate Defendant and should be summarily dismissed. As the Court will dismiss the Virginia Parole Board, the Court refers only to Clarke as Respondent.

[3] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).



failed to exhaust his state court remedies, the Court will dismiss the action.

## I. GROUNDS FOR RELIEF

McClain raises the following grounds for relief stemming from the Virginia Parole Board's ("VPB") denial of parole:[4]

| | |
|---|---|
| Claim One | The VPB violated the Due Process Clause[5] by using their own standards to consider McClain for release. (§ 2254 Pet. 6.) |
| Claim Two | The VPB abused its discretionary power and violated McClain's right to due process by "claiming a factor that will never change" as the reason for denying parole. (Id. at 8.) |
| Claim Three | "Ex post facto violation[;] Va. Code § 53.1-155 was applied to Petitioner retroactively[ ] abolishing parole release altogether." (Id. at 9.) |
| Claim Four | The VPB abused its discretionary power, violated Virginia law, and violated due process when it denied McClain's parole release, his appeal, and request for reconsideration without considering the evidence presented and without providing a rational explanation. (Id. at 11.) |

## II. PROCEDURAL HISTORY

The Court recounts the scant procedural history as provided in McClain's petition and his attachments and based upon the Court's review of the docket for the Circuit Court of the City

---

[4] The Court corrects the capitalization in the quotations from McClain's submissions.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

2

of Newport News, Virginia ("Circuit Court").[6] McClain is serving a life sentence for his March 1990 convictions including murder, robbery, burglary, abduction, and use of a firearm. (§ 2254 Pet. 1.)[7] McClain now challenges the Virginia Parole Board's denial of his release on discretionary parole. McClain fails to identify a specific denial of parole by the VPB, however, states that "the proceeding herein took place this year" under the timeliness section of his § 2254 Petition. (§ 2254 Pet. 14.) McClain filed a Motion to Remand and Motion to Vacate Judgment in the Circuit Court, although the record lacks clarity about exactly what order or sentence he challenged. (See § 2254 Pet. Ex. D, Letter dated Jan. 22, 2013.) On January 22, 2013, March 13, 2013, and April 22, 2013 the Circuit Court sent McClain letters informing him that it lacked jurisdiction to consider his motions. (Id., Letters dated Jan. 22, 2013 and Mar. 13,

---

[6] The Circuit Court's docket is accessible through the Virginia Judicial System Website. Federal courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website. See, e.g., Newkirk v. Lerner, No. 3:13CV570-HEH, 2013 WL 4811219, at *1 n.1 (E.D. Va. Sept. 9, 2013); Roberts v. Watson, 697 F. Supp. 2d 646, 648 n.1 (E.D. Va. 2010).

[7] See http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Newport News Circuit" from drop-down menu and follow "Begin" button; type "McClain, Dennis," and then follow "Search by Name" button; then follow hyperlinks for "CR89017638-00" through "CR89017641-00" and "CR89016690-00" through "CR89016693-00").

3

2013.) On April 15, 2013 the Circuit Court denied another motion from McClain. (Id., Letter dated Apr. 22, 2013.)

McClain indicates in his petition that he filed no other challenges in the Virginia courts. (§ 2254 Pet. 4-6) Beyond checking the box that he filed a direct appeal of his habeas claims, he states that he has not previously raised the claims within his § 2254 Petition to the Virginia courts. (Id. at 6-13.)

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must

4

utilize all available state remedies before he can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his [or her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies

5

with the petitioner. <u>Mallory v. Smith</u>, 27 F.3d 991, 994, 995 (4th Cir. 1994).

McClain fails to meet his burden of demonstrating that he fairly presented the claims in his current § 2254 Petition to the Supreme Court of Virginia. <u>See id.</u> Furthermore, based on McClain's representation that the VPB denied parole within the last year, McClain fails to satisfy the first aspect of exhaustion because he can still file a petition for a writ of habeas corpus challenging his discretionary parole denial with the Virginia state courts. Va. Code Ann. § 8.01-654(A)(2).[8] Thus his claims are unexhausted and are barred from review here.

## V. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 12) will be granted. McClain's claims will be dismissed without prejudice to re-file after McClain exhausts his state court remedies. The petition for a writ of habeas corpus will be denied. The action will be denied. A certificate of appealability will be denied.[9]

---

[8] This section provides, in pertinent part: "A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-654(A)(2).

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will

The Clerk is directed to send copy of the Memorandum Opinion to McClain and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2013

---

not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). McClain fails to make this showing.

7